# AFFIDAVIT IN SUPPORT OF ORDER AND LIS PENDENS

I, Christopher R. Davis, being duly sworn, state under penalty of perjury as follows:

## I. Background of Affiant

1. I am currently employed as a United States Postal Inspector with the United States Postal Inspection Service and have been so employed for the past seven years. My duties include investigating violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 1344 (bank fraud). My responsibilities involve the investigation of criminal matters related to the Postal Service and the mails, including the enforcement of laws regarding the use of the mails. I have received formal instruction from U.S. Postal Inspectors as well as other federal, state, and local law enforcement agents who have done extensive work in the areas of mail fraud and mail theft. I have received formal classroom training from the U.S. Postal Inspection Service during the thirteen week Postal Inspector Basic Training Academy in Potomac, Maryland.

## II. Property Subject to Forfeiture

2. This affidavit is submitted in support of probable cause for the issuance of an order and lis pendens against the real property at 208 Paradise Peninsula, Mooresville, North Carolina 28115, located in Iredell County, titled in the name of Terry Scott Welch (hereafter, "Welch") and wife, and granted to Welch and his wife in a General Warranty Deed recorded at Iredell County Register of Deeds Book 1080 Page 1500. There is probable cause to believe that the real property constitutes or is derived from proceeds traceable to one or more violations of 18 U.S.C. §§ 656 (theft by bank employee), 1341 (mail fraud), 1343 (wire fraud), and 1349

1

(conspiracy), and is therefore subject to civil and criminal forfeiture pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c).

### III. Summary of Fraudulent Invoice Activity

3. From in or about at least 2000 through in or about August 2006, Welch and others engaged in a conspiracy to defraud Wachovia Bank, N.A. through the false invoice scheme described below. Welch was employed by Wachovia as a Vice President in Utility Services at the Distribution Utility Center located at 12301 Vance Davis Dr. in Charlotte, North Carolina. Welch oversaw the payment of invoices submitted by outside vendors who provided goods and services to Wachovia. Through the use of at least three outside vendors, Welch ensured that the three outside vendors were paid for services invoiced but not rendered to Wachovia, and ensured that he received kickbacks from the vendors in the form of monetary payments and services rendered to Welch personally but not to Wachovia.

4. Thus far, your Affiant has identified three vendors who submitted invoices and received payments for services that were not rendered to Wachovia. First, your Affiant identified an individual described herein as J.D.L., who, along with Welch, employed false invoices to defraud Wachovia of approximately $1,504,594. Second, your Affiant identified J.C. who, along with Welch, employed false invoices to defraud Wachovia of approximately $4,958,763.00 and to provide approximately $2,112,870.50 in kickback payments to Welch. In a previously submitted Affidavit in Support of Order and Lis Pendens, your Affiant has already described the activities of J.D.L., J.C., and Welch to this Court. Most recently, your Affiant has identified individual R.E.O. and his construction company (collectively referred to herein as

R.E.O. Construction) as a third vendor that received payment from Wachovia for services that were not actually rendered to Wachovia, but instead were rendered to Welch personally.

5. In or about 2000, Wachovia began paying invoices received from R.E.O. Construction. Your Affiant has reviewed the total invoices Wachovia paid to R.E.O. Construction, which were all approved by Welch. On January 29, 2010, your Affiant showed Welch the R.E.O. Construction invoices and interviewed Welch about the invoices. Welch reviewed the R.E.O. Construction invoices that Wachovia paid. Welch told your affiant that R.E.O. Construction did not perform any legitimate services for Wachovia. Welch confessed to your Affiant that, instead of performing services for Wachovia, R.E.O. Construction completed construction on Welch's residence at 208 Paradise Peninsula, Mooresville, NC and billed Wachovia for the construction. Welch stated that R.E.O. Construction performed remodeling, completed structural additions, and built a pier on the property located at 208 Paradise Peninsula. Welch stated that he instructed the individual in-charge of R.E.O. Construction on what to state on the fraudulent invoices which were submitted to Wachovia for payment.

6. R.E.O. Construction transmitted these false invoices to Wachovia via facsimile or through the U.S. mails and, as described below, subsequently received payment from Wachovia pursuant to the false invoices. The payments from Wachovia were issued from a Wachovia bank account and were transmitted to R.E.O. Construction through the U.S. mails.

7. Specifically, as set forth in the table below, based on communications with Welch and Wachovia employees and review of invoices and checks, your Affiant has determined that, from in or about 2000 through in or about August 2006, due to 104 fraudulently transmitted R.E.O. Construction invoices, Wachovia made payments totaling at least **$2,600,327.00** to

3

R.E.O. Construction, and Welch in turn received from R.E.O. Construction substantial monetary improvements to his residence at 208 Paradise Peninsula, Mooresville, NC. In many instances, one check was issued from Wachovia to R.E.O. Construction in payment for multiple invoices. So, for example, as reflected on the table, one $49,750 check was issued in payment for the fees invoiced in invoice numbers 150 and 104, one $75,000 check was issued in payment for the fees invoiced in invoice numbers 204, 196, 231, and 222, and so on.

| Invoice Number | Invoice Amt. | Check Amt. | Date Paid |
| --- | --- | --- | --- |
| 72 | $26,850.00 | $26,850.00 | 4/6/2000 |
| 89 | $28,450.00 | $28,450.00 | 5/19/2000 |
| 98 | $31,750.00 | $31,750.00 | 6/5/2000 |
| 150 | $24,850.00 | $49,750.00 | 7/11/2000 |
| 104 | $24,900.00 | $49,750.00 | 7/11/2000 |
| 169 | $24,500.00 | $48,500.00 | 8/16/2000 |
| 181 | $24,000.00 | $48,500.00 | 8/16/2000 |
| 184 | $29,800.00 | $29,800.00 | 8/22/2000 |
| 194 | $28,000.00 | $28,000.00 | 9/20/2000 |
| 204 | $18,750.00 | $75,000.00 | 9/26/2000 |
| 196 | $18,750.00 | $75,000.00 | 9/26/2000 |
| 231 | $18,750.00 | $75,000.00 | 9/26/2000 |
| 222 | $18,750.00 | $75,000.00 | 9/26/2000 |
| 239 | $28,500.00 | $28,500.00 | 10/3/2000 |
| 247 | $25,800.00 | $103,200.00 | 10/23/2000 |
| 260 | $25,800.00 | $103,200.00 | 10/23/2000 |
| 274 | $25,800.00 | $103,200.00 | 10/23/2000 |
| 244 | $25,800.00 | $103,200.00 | 10/23/2000 |
| 286 | $25,800.00 | $25,800.00 | 10/24/2000 |
| 299 | $20,500.00 | $82,000.00 | 11/29/2000 |
| 317 | $20,500.00 | $82,000.00 | 11/29/2000 |
| 292 | $20,500.00 | $82,000.00 | 11/29/2000 |
| 308 | $20,500.00 | $82,000.00 | 11/29/2000 |
| 341 | $25,800.00 | $51,600.00 | 12/20/2000 |
| 329 | $25,800.00 | $51,600.00 | 12/20/2000 |
| 00393 | $29,325.00 | $29,325.00 | 3/13/2001 |
| 0175 | $35,250.00 | $70,500.00 | 5/29/2001 |
| 01104 | $35,250.00 | $70,500.00 | 5/29/2001 |

| | | | |
|---|---|---|---|
| 00136 | $28,800.00 | $28,800.00 | 7/23/2001 |
| 01173 | $32,700.00 | $32,700.00 | 9/13/2001 |
| 00361 | $24,800.00 | $24,800.00 | 8/15/2003 |
| 00387 | $16,800.00 | $16,800.00 | 9/24/2003 |
| 003105 | $16,800.00 | $16,800.00 | 10/28/2003 |
| 003128 | $16,800.00 | $16,800.00 | 11/26/2003 |
| 003143 | $16,800.00 | $16,800.00 | 12/16/2003 |
| 004003 | $16,800.00 | $16,800.00 | 1/27/2004 |
| 00410 | $21,585.00 | $21,585.00 | 2/9/2004 |
| 004019 | $9,022.00 | $9,022.00 | 2/17/2004 |
| 00419 | $21,585.00 | $44,895.00 | 2/27/2004 |
| 004036 | $23,310.00 | $44,895.00 | 2/27/2004 |
| 004041 | $23,150.00 | $23,150.00 | 3/9/2004 |
| 004049 | $20,800.00 | $20,800.00 | 3/10/2004 |
| 004057 | $5,400.00 | $5,400.00 | 3/17/2004 |
| 004061 | $10,800.00 | $10,800.00 | 3/29/2004 |
| 004153 | $22,900.00 | $22,900.00 | 3/31/2004 |
| 004159 | $3,650.00 | $24,450.00 | 4/5/2004 |
| 004147 | $20,800.00 | $24,450.00 | 4/5/2004 |
| 004172 | $22,600.00 | $22,600.00 | 4/21/2004 |
| 004198 | $32,600.00 | $59,400.00 | 5/5/2004 |
| 004205 | $26,800.00 | $59,400.00 | 5/5/2004 |
| 004234 | $32,600.00 | $59,400.00 | 6/4/2004 |
| 004239 | $26,800.00 | $59,400.00 | 6/4/2004 |
| 004259 | $26,800.00 | $59,400.00 | 7/8/2004 |
| 004250 | $32,600.00 | $59,400.00 | 7/8/2004 |
| 004301 | $26,800.00 | $59,400.00 | 8/5/2004 |
| 004293 | $32,600.00 | $59,400.00 | 8/5/2004 |
| 004339 | $26,800.00 | $59,400.00 | 9/7/2004 |
| 004348 | $32,600.00 | $59,400.00 | 9/7/2004 |
| 004401 | $32,600.00 | $59,400.00 | 10/4/2004 |
| 004398 | $26,800.00 | $59,400.00 | 10/4/2004 |
| 004424 | $16,800.00 | $16,800.00 | 10/26/2004 |
| 004476 | $26,800.00 | $73,300.00 | 11/5/2004 |
| 004501 | $13,900.00 | $73,300.00 | 11/5/2004 |
| 004484 | $32,600.00 | $73,300.00 | 11/5/2004 |
| 004534 | $26,800.00 | $59,400.00 | 12/7/2004 |
| 004542 | $32,600.00 | $59,400.00 | 12/7/2004 |
| 004550 | $13,900.00 | $13,900.00 | 12/9/2004 |
| 004562 | $23,800.00 | $23,800.00 | 12/27/2004 |

| | | | |
|---|---|---|---|
| 004576 | $13,900.00 | $73,300.00 | 1/10/2005 |
| 004601 | $32,600.00 | $73,300.00 | 1/10/2005 |
| 004588 | $26,800.00 | $73,300.00 | 1/10/2005 |
| 00515 | $13,900.00 | $73,300.00 | 2/7/2005 |
| 00521 | $32,600.00 | $73,300.00 | 2/7/2005 |
| 00511 | $26,800.00 | $73,300.00 | 2/7/2005 |
| 00537 | $13,900.00 | $46,500.00 | 3/4/2005 |
| 00544 | $32,600.00 | $46,500.00 | 3/4/2005 |
| 00532 | $26,800.00 | $26,800.00 | 3/8/2005 |
| 00557 | $26,800.00 | $26,800.00 | 4/7/2005 |
| 00565 | $13,900.00 | $46,500.00 | 4/15/2005 |
| 00572 | $32,600.00 | $46,500.00 | 4/15/2005 |
| 00599 | $26,800.00 | $73,300.00 | 5/5/2005 |
| 005106 | $13,900.00 | $73,300.00 | 5/5/2005 |
| 00587 | $32,600.00 | $73,300.00 | 5/5/2005 |
| 005112 | $29,800.00 | $29,800.00 | 6/9/2005 |
| 005122 | $26,800.00 | $73,300.00 | 6/10/2005 |
| 005117 | $13,900.00 | $73,300.00 | 6/10/2005 |
| 005111 | $32,600.00 | $73,300.00 | 6/10/2005 |
| 005130 | $20,600.00 | $93,900.00 | 7/19/2005 |
| 005139 | $26,800.00 | $93,900.00 | 7/19/2005 |
| 005146 | $13,900.00 | $93,900.00 | 7/19/2005 |
| 005152 | $32,600.00 | $93,900.00 | 7/19/2005 |
| 005171 | $26,800.00 | $73,300.00 | 8/15/2005 |
| 005179 | $32,600.00 | $73,300.00 | 8/15/2005 |
| 005164 | $13,900.00 | $73,300.00 | 8/15/2005 |
| 005155 | $9,800.00 | $9,800.00 | 8/17/2005 |
| 005201 | $33,900.00 | $33,900.00 | 9/14/2005 |
| 005224 | $43,800.00 | $43,800.00 | 10/7/2005 |
| 005231 | $29,800.00 | $29,800.00 | 10/24/2005 |
| 005247 | $38,600.00 | $38,600.00 | 11/4/2005 |
| 005261 | $39,900.00 | $39,900.00 | 12/2/2005 |
| 005294 | $39,900.00 | $65,500.00 | 1/5/2006 |
| 005309 | $25,600.00 | $65,500.00 | 1/5/2006 |
| 006121 | $43,900.00 | $43,900.00 | 5/9/2006 |
| 006347 | $29,800.00 | $29,800.00 | 8/4/2006 |
| Total | $2,600,327.00 | | |

8. I have reviewed land records for Iredell County and determined that, on or about June 5, 1998, a general warranty deed was issued to Welch and his wife for the real property at 208 Paradise Peninsula. I believe, based on the admissions of Welch and my review of $2,600,327.00 in invoices from R.E.O. Construction to Wachovia and checks from Wachovia to R.E.O. Construction, that there is probable cause that the above transactions resulted in an increase in value of up to $2,600,327.00 or more in the property at 208 Paradise Peninsula and, in any event, rendered the property at 208 Paradise Peninsula either proceeds of crime or property traceable to proceeds of crime.

## IV. Conclusion

9. I submit that there is probable cause to believe that the real property known as 208 Paradise Peninsula, Mooresville, North Carolina 28115, located in Iredell County (Deed Book 1080, Page 1500), constitutes or is derived from proceeds traceable to one or more violations of 18 U.S.C. §§ 656 (theft by bank employee), 1341 (mail fraud), 1343 (wire fraud), and 1349 (conspiracy). Therefore, there is probable cause to believe that the real property is subject to the issuance of an order and lis pendens.

Chris Davis, U.S. Postal Inspector

Sworn to and subscribed before me this 4th day of February, 2010.

Honorable David C. Keesler
United States Magistrate Judge